UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Mary Martinez,

    Plaintiff

v.

Internal Revenue Service, et al.,

    Defendants

Case No.: 2:14-cv-56-JAD-CWH

**Order**
[Docs. 4, 40, 53]

    This action arises out of pro se plaintiff Mary Martinez's default on the mortgage on her property located at 221 Canyon Drive in Las Vegas, Nevada. Ms. Martinez asks this court to clear up what she calls a "controversy" regarding the promissory note and deed of trust attached to that property. In her original complaint, she asserts 13 declaratory-relief claims, one claim for "Statutorily Defective Foreclosure," and a final claim for "Violations of the Federal False Claims Act."[1] Defendants Bank of New York and National Default Servicing Corporation ("NDSC") move to dismiss all of Ms. Martinez's claims for failure to state a claim upon which relief can be granted.[2] They also request that Ms. Martinez's motion for leave to amend (#40) be denied and that her second amended complaint (#52), which was not preceded by a motion for leave to amend, be stricken.[3]

    I grant defendants' motion to dismiss, as well their request to deny Ms. Martinez leave to amend and their request to strike her improperly filed second amended complaint. Neither Ms. Martinez's original complaint nor her two follow-up efforts contain "sufficient factual matter . . . to

---

[1] *See* Doc. 1 at 25–34.

[2] *See* Docs. 4, 24, 29, 33. Defendant Bank of New York filed its 12(b)(6) motion on February 3, 2014. *See* Doc. 4. Defendant NDSC moved to join Bank of New York's motion on May 5, 2014. *See* Doc. 24. Ms. Martinez did not oppose. Defendant Bank of New York and Defendant NSDC are in the same position vis-a-vis Ms. Martinez. Accordingly, their interests are considered together.

[3] *See* Docs. 44, 50, 53, 54.

state a claim that is plausible on its face."[4] Even with the latitude and instruction this circuit affords pro se plaintiffs, amendment would be futile.

## DISCUSSION

I. **Ms. Martinez's Original Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Although Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," defending a complaint against a Rule 12(b)(6) attack "requires more than labels and conclusions"; it calls on plaintiffs to plead factual allegations that are "enough to raise a right to relief above the speculative level."[5] This requires a plaintiff to state claims raising a plausible likelihood that the defendant engaged in misconduct for which the law—and courts—can offer relief. Ms. Martinez's original complaint falls short of this goal.

A. **Claims one and two: declaratory relief**

In her first cause of action, Ms. Martinez asks that I "declare that at the time of the assignment [of the deed of trust] dated 11/23/2011 the Plaintiff's loan was in default."[6] Similarly, in her second cause of action, she asks that I "declare that the value of the property at the time of assignment dated 11/23/2011 was less than the value of the property at the time of the loan origination."[7] But neither of these is a properly pled claim for relief. Both are simply requests, based on unsupported allegations, for a judicial statement of fact.

Even if I were to grant these requests, declaring that her loan was in default at the time of assignment would not provide Ms. Martinez a basis for relief against defendants; nor would declaring that the value of the property at the time of assignment was less than the value of the property at the time of loan origination. Under the Declaratory Judgment Act, it is not enough to

---

[4] *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).

[6] Doc. 1 at ¶ 118.

[7] *Id.* at ¶ 121.

state that a "controversy" exists in the world and expect a court to resolve it. Declaratory relief is appropriate only "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[8] Neither of these conditions is satisfied in this case. Martinez contends, in her response to defendants' motion, that the controversy she asserts "is not only substantial and considerable but is paramount to be able to determine if Defendants are the true and lawful beneficiaries of [her] loan."[9] But the records from the Clark County recorder show there to be no controversy at all.

For example, the deed of trust was properly assigned to Defendant Bank of New York by the original lender, Countrywide Home Loans, on November 23, 2011.[10] On February 22, 2013, Bank of New York substituted in defendant NDSC as the trustee; at that point, Ms. Martinez had been in default on her monthly mortgage payments for about 18 months.[11] NDSC then recorded a notice of default and election to sell under deed of trust on September 16, 2013.[12] A certificate of foreclosure from the State of Nevada Foreclosure Mediation program was recorded three-and-a-half months later.[13]

Under these facts, none of which Ms. Martinez disputes, no "useful purpose" will be served by granting her first two claims for declaratory relief; nor would doing so "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to [her] proceeding claims." These claims cannot therefore survive defendants' 12(b)(6) motion.

---

[8] *Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984).

[9] Doc. 8 at 7.

[10] *See* Doc. 4-3. Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). I take judicial notice of these recorded documents.

[11] *See* Doc. 4-4.

[12] *See* Doc. 4-5.

[13] *See* Doc. 4-6.

**B.     Claims three, four, five, six, seven, eight, and nine: declaratory relief**

The same is true of Ms. Martinez's other claims for declaratory relief. Claims three through six, for example, relate not to defendant Bank of New York or defendant NDSC but to the Internal Revenue Service, a party Ms. Martinez has indicated she no longer wishes to pursue in this action.[14] Claims seven through nine allege that the assignment of the deed of trust to Bank of New York did not comply with the "'Timing Requirement' of New York's Estates, Powers & Trust Laws."[15] But Ms. Martinez does not explain why New York law applies in this case. The deed of trust states that the "Security Instrument shall be governed be federal law and the law of the jurisdiction in which the Property is located."[16] The property is located in Nevada. The governing law is therefore the law of Nevada. Because New York's Estates, Powers & Trust Laws—which principally relate to estate planning, not the securitization of mortgages—do not apply in this case, claims seven through nine cannot survive defendants' 12(b)(6) motion.

**C.     Claims ten, eleven, and twelve: declaratory relief**

Nor can Ms. Martinez's final three claims for declaratory relief —each of which alleges that the assignment of the deed of trust did not comply with the Pooling and Service Agreement (PSA)—state a plausible claim. Claim ten alleges that the assignment did not meet the PSA's "timeline"; claim eleven alleges that the assignment did not convey a "qualified loan"; and claim twelve alleges that the assignment did not convey a "defective obligation."[17] The fatal defect in each of these claims is that (1) when the assignment was recorded, and (2) what was conveyed along with that assignment, are both irrelevant to Mrs. Martinez's case against defendants.

The Nevada Supreme Court has ruled that deeds of trust are enforceable even if the note and

---

[14] *See* Doc. 39 (Notice of Voluntary of IRS with Prejudice); Doc. 40 at 2 ("Additionally, Plaintiff wishes to remove the Defendant IRS from the complaint.").

[15] Doc. 1 at 26–27.

[16] Doc. 4-2 at 14.

[17] Doc. 1 at 30–33.

deed of trust are at some point "split," so long as they are united at the time of foreclosure.[18] There is no requirement that an assignment be recorded at the same time the deed of trust is transferred, contrary to what Ms. Martinez's tenth cause of action implies.[19] Nor would anything be gained by declaring that the assignment did not convey a "qualified loan" or a "defective obligation," as set out in her eleventh and twelfth causes of action; in fact, defendants agree that the assignment did not convey those things, demonstrating an absence of controversy on these points.[20] Accordingly, claims nine, ten, and eleven fail to state cognizable claims for relief.

### D. Claim thirteen: statutorily defective foreclosure

Ms. Martinez's thirteenth claim is one for "Statutorily Defective Disclosure."[21] She alleges many things under this heading, including that "Defendants nor their agents are/or possess the power or authority to invoke the 'Power of Sale' clause and perform a non-judicial foreclosure" and that "Defendants and/or their agents have recorded false information in the Clark Country Recorder's Office."[22] But her core claim seems to be that the foreclosure violated Nevada law.[23] So I will liberally construe her claim as one for wrongful foreclosure.

A plaintiff can prevail on a wrongful foreclosure claim if she can establish that "at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part [that] would have authorized the foreclosure

---

[18] *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259 (Nev. 2012).

[19] Ms. Martinez also has not identified a section in the PSA that requires the assignment to follow a particular timeline.

[20] *See* Doc. 4 at 8.

[21] Doc. 1 at 33.

[22] *Id.* at 33-34.

[23] *See id.* at 34 ("Plaintiff requests that this court declare that the non-judicial foreclosure is 'Statutorily Defective Foreclosure' under Nevada Revised Statutes.").

or exercise of the power of sale."[24] A plaintiff's claim for wrongful disclosure "falls short" if she fails to allege she was not in default.[25]

Ms. Martinez never alleges that she was not in default. Nor could she: she has been in default since August of 2011. Accordingly, she cannot state a plausible claim for wrongful foreclosure.

### E. Claim fourteen: violations of the Federal False Claims Act

Ms. Martinez's final claim is for "Violations of the Federal False Claims Act."[26] She alleges that "there is a genuine controversy [] as to whether or not the Defendants have violated the Federal False Claims Act."[27]

Under 31 USC § 3729, a person who violates the Federal False Claims Act is "liable to the United States Government," not to an individual person. The Act does not create a private right of action. And "[in] the absence of clear legislative intent, [I] may not usurp the legislative power by unilaterally creating a cause of action"[28]—which means Ms. Martinez cannot sue defendants under the Act. Accordingly, her fourteenth claim must be dismissed.

---

[24] *Collins v.Union Fed. Sav. & Loan Ass'n.*, 662 P.2d 610, 623 (Nev. 1983); *see also Futch v. BAC Home Loans Servicing, LP,* 573 Fed. Appx. 636, 636 (9th Cir. 2014) (citing *Collins*) ("The district court properly dismissed Futch's wrongful foreclosure claim and quiet title claims because Futch did not allege facts showing that she was not in default on her loan when defendants initiated non-judicial foreclosure hearings.").

[25] *See, e.g., Huggins v. Quality Loan Servicing, LP*, 2011 WL 310490, at *5 (D. Nev. Sep. 2, 2010); *see also King v. GMAC Mortg.*, LLC, No 2:09-CV-1425-JCM, 2010 WL 4983297 ("Here, plaintiff's claim fails as a matter of law because she admits that she had fallen behind on her mortgage paymentts, meaning that she is unable to show that, at the time of foreclosure, no breach of performance under the mortgage contract has occurred."); *Hasan v. Ocwen Loan Servicing*, LLC, No. 2:10-CV-00476-RLH, 2010 WL 275791, at *2 (D. Nev. July 12, 2010) ("In this case, Hasan does not dispute his delinquency on the mortgage payments nord does he allege that he cured his default prior to the trustee sale of his property. Thus, Hasan fails to state a valid for wrongful foreclosure.").

[26] Doc. 1 at 34.

[27] *Id.*

[28] *In re Digimarch Corp. Derivative Litig.*, 549 F.3d. 1223, 1230–31 (9th Cir. 2009).

## II. Ms. Martinez's Proposed Amendments Fail to Cure the Defects of Her Original Complaint.

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend her pleading once as a matter of course within 21 days of serving it or within 21 days after service of the answer or a Rule 12(b) motion. "In all other cases, a party can amend its pleading only with the opposing party's written consent or the court's leave."[29]

Ms. Martinez filed her complaint on January 13, 2014.[30] Bank of New York filed its 12(b)(6) motion on February 3, 2014,[31] which means Ms. Martinez had until February 24, 2014, to amend her complaint without first seeking consent from defendants or leave of court.[32] Ms. Martinez did not meet this deadline. Instead, she filed a motion for leave to amend in July 2014, attaching a proposed amended complaint.[33] Then, in December of 2014, with that motion for leave still pending, she filed another amended complaint,[34] this time without requesting leave.

Defendants oppose Ms. Martinez's motion for leave to amend, arguing that her "attempt to amend her Complaint is forcing the Court and Defendants to sift through another '[p]rolix, confusing complaint[]' worthy of dismissal on its face."[35] In its view, Ms. Martinez "is simply trying to delay foreclosure and continue her free ride."[36] Unable to get consent from Bank of New York, Ms. Martinez must therefore rely on the court for leave to amend.

---

[29] Fed. R. Civ. P. 15(2).

[30] *See* Doc. 1.

[31] *See* Doc. 4. NDSC filed its motion to join on March 13, 2014. *See* Doc. 24.

[32] *See* Doc. 2.

[33] *See* Doc. 40. The proposed pleading was erroneously titled "Second Amended Complaint." Doc. 40-1. No First Amended Complaint has been filed.

[34] This pleading is erroneously titled "Verified Third Amended Complaint." Doc. 52.

[35] Doc. 44 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).

[36] *Id.*

Page 7 of 10

A court should give leave to amend "when justice so requires."[37] I do not find this to be one of those occasions. "Although a *pro se* litigant [] may be entitled to great leeway when the court construes [her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."[38] Neither Ms. Martinez's original complaint nor either of her two amended versions meet this threshold, because none states facts that can support a legally cognizable claim against defendants. At 89 pages and 108 pages, respectively, Ms. Martinez's second and third amended complaints are longer than her original complaint. But they are no less deficient. At their core are the same unsupported allegations and legal theories that fill her original complaint: again Ms. Martinez claims that there is a "controversy" over the value of the property when the assignment was recorded[39]; that the assignment does not comply with a certain "timing requirement"[40]; that it did not convey a "qualified loan" or "defective obligation"[41]; and that defendants have violated New York law.[42] For the same reasons discussed above, none of these claims can survive a 12(b)(6) challenge, precluding the requested amendment.

I recognize that district courts should err on the side of granting leave to amend, particularly for a pro se litigant.[43] But this liberal policy does not support leave when amendment would be futile because it is apparent that the circumstances on which the plaintiff believes she has a claim plainly fail to give her a right to relief.[44] The viability of Ms. Martinez's case depends on her ability to

---

[37] Fed. R. Civ. P. (15)(2).

[38] *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193 (9th Cir. 1995).

[39] See Doc. 44 at 22.

[40] See id. at 25–27.

[41] See id. at 27–30.

[42] See id. at 43–44.

[43] See *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend.").

[44] See *Lucas v. Dep't of Corr.*, 66 F3d 245, 248–49 (9th Cir. 1995).

demonstrate that the assignment of the deed of trust to defendants was somehow ineffective. The public records showing the details of that assignment, however, demonstrate that the assignment was in all ways valid. Granting Ms. Martinez leave to amend, therefore, would not cure the original complaint's fatal defects or otherwise result in plausible claims.

Moreover, Ms. Martinez has, in a way, already had a chance to amend. I reviewed her original complaint. I reviewed her amended complaint. And I also reviewed her second amended complaint, even though it was filed, improperly, without consent or leave of court. I do not find this is a case in which a pro se plaintiff, given more chances at the sometimes tricky business of pleading and motion practice, might eventually be able to state a claim upon which relief could be granted. Unfortunately for Ms. Martinez, it is instead a case in which no legally cognizable claim against defendants appears to be possible on her circumstances. Accordingly, defendants' motion to dismiss is granted, Ms Martinez's request for leave to amend is denied, and each of her claims against defendants is dismissed with prejudice.

### III. Ms. Martinez's Unauthorized Amended Complaint Shall be Stricken.

Defendants have requested that I strike Ms. Martinez's second amended complaint[45] from the record because Ms. Martinez failed to follow Rule 15(a)(2) when submitting it.[46] Rule 12(f) allows me to strike a pleading in its entirety if it represents or contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because Ms. Martinez's second amended complaint was filed without consent or leave and contains no new information to help salvage Ms. Martinez's claims, I find that it should be stricken from the record.

### Conclusion

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that:

- Bank of New York's Motion to Dismiss (**Doc. 4**) is **GRANTED**. All of Ms. Martinez's claims against Bank of New York and National Default Service

---

[45] Doc. 52.

[46] *See* Doc. 53.

Page 9 of 10

Corporation are dismissed with prejudice;

- Ms. Martinez's Motion for Leave to Amend (**Doc. 40**) is **DENIED**;
- Bank of New York's Motion to Strike (**Doc. 53**) is **GRANTED**, and Ms. Martinez's Second Amended Complaint, which she titles "Third Amended Complaint" (**Doc. 52**), shall be **STRICKEN** from the record.

As these rulings result in the termination of all claims against all remaining parties, the Clerk of Court is instructed to **close this case**.

Dated: March 17, 2015.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE