UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Mary Martinez,

    Plaintiff

v.

Internal Revenue Service, et al.,

    Defendants

Case No.: 2:14-cv-56-JAD-CWH

**Order**
**[Doc. 58]**

Pro se plaintiff Mary Martinez, who claims there is a controversy regarding a mortgage she took out in 2006, requests that I reconsider my March 17, 2015, order granting a motion to dismiss jointly filed by Defendants Bank of New York and National Default Servicing Corporation (NDSC). In that order, I found that neither Ms. Martinez's original complaint nor her two attempts at amendment contained "sufficient factual matter . . . to state a claim that is plausible on its face."[1] Mindful that reconsideration is an "extraordinary remedy [that] should be used sparingly,"[2] I find nothing in Ms. Martinez current motion—which contains no new evidence and mostly restates allegations I have previously found unpersuasive—to justify using it in this case. Ms. Martinez's motion is therefore denied.

**Discussion**

Federal Rule of Civil Procedure 59(e) does not list "specific grounds for a motion to amend or alter[;]" and, "the district court enjoys considerable discretion in granting or denying the motion."[3] "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such

---

[1] Doc. 55 at 1-2 (quoting *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[2] *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted).

[3] *Id.* (internal quotation marks and citation omitted).

motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."[4]  "[O]ther, highly unusual circumstances" also may "warrant[] reconsideration."[5]  But amending a judgment after its entry remains "an extraordinary remedy [that] should be used sparingly."[6]

Ms. Martinez has failed to show why this "extraordinary remedy" is warranted in her case. She does not argue that there has been an intervening change in controlling law; nor does she present any newly discovered evidence.  I will therefore assume that, in her view, reconsideration is necessary to prevent manifest injustice and/or that her motion it is intended to correct major errors of law or fact upon which my earlier order relied.  But the legal and factual support she offers is not substantial enough to prevail on either of these grounds.  Mostly she just restates allegations I have already found lack merit: for example, that defendants have created and recorded a fraudulent "Assignment of Mortgage" Clark County Recorder's Office[7]; and that, as a result, none of the defendants have authority to collect payments from her.[8]

---

[4] *Herron*, 634 F.3d at 1111 (citation omitted).

[5] *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[6] *Herron*, 634 F.3d at 1111.

[7] *See* Doc. 58 at 3; Doc. 55 at 2–3 (finding no controversy exists over the assignment and recording of Ms. Martinez's mortgage).

[8] *See* Doc. 58 at 3; Doc. 55 at 3 (chronicling the lawful transfer by the defendants of Ms. Martinez's mortgage).

She does, however, raise a new argument based on *Coleman v. Am. Home Mortgage Servicing, Inc.*,[9] a case over which U.S. District Judge Gloria Navarro presided in this district. Objecting to how I liberally construed her thirteenth cause of action as a claim for wrongful foreclosure instead of a claim for statutorily defective foreclosure, Ms. Martinez tries to liken her position to that of the plaintiff in *Coleman*, whom Judge Navarro found sufficiently stated a claim for statutorily defective foreclosure. But the public documents in *Coleman* revealed that the defendants may have not followed the proper statutory procedures under NRS Chapter 107 when foreclosing on Coleman's property. Which is why Judge Navarro did not dismiss the plaintiff's claim.[10]

In contrast, the public documents in this case show that these defendants have followed the proper statutory procedures under NRS Chapter 107. As I explained in my previous order, the deed of trust was properly assigned to Defendant Bank of New York by the original lender, Countrywide Home Loans, on November 23, 2011.[11] On February 22, 2013, Bank of New York substituted in defendant NDSC as the trustee; at that point, Ms. Martinez had been in default on her monthly mortgage payments for about 18 months.[12] NDSC then recorded a notice of default and election to sell under deed of trust on September 16, 2013.[13] A certificate of foreclosure from the State of Nevada Foreclosure Mediation program was recorded three-and-a-half months later.[14]

So even on a theory of statutorily defective foreclosure—a theory I was originally reluctant to entertain because of what the public documents show—Ms. Martinez's thirteenth cause of action,

---

[9] No. 2:11-CV-00178-GMN-CVF, 2013 WL 79079 (D. Nev. Jan 2, 2013).

[10] *Id.* at *4.

[11] *See* Doc. 4-3. Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). I take judicial notice of these recorded documents.

[12] *See* Doc. 4-4.

[13] *See* Doc. 4-5.

[14] *See* Doc. 4-6.

like her other causes of action, cannot survive defendants' joint motion to dismiss. Accordingly, I find no reason to reconsider my March 17th order.  Ms. Martinez's motion is therefore denied.

### Conclusion

Accordingly, it is HEREBY ORDERED that Mary Martinez's **Motion for Reconsideration (#58) is DENIED**.

DATED: April 17, 2015.

_____
Jennifer A. Dorsey
United States District Judge