UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mary Martinez,<br><br>    Plaintiff<br><br>v.<br><br>Internal Revenue Service, *et al.*,<br><br>    Defendants | 2:14-cv-00056-JAD-CWH<br><br>**Order Granting Motion for Attorney's Fees [ECF 57]** |

After pro se plaintiff Mary Martinez defaulted on her mortgage, she filed suit to clear up what she referred to as a "controversy" regarding the promissory note and deed of trust on the foreclosed property. In her original complaint, Martinez asserted 13 declaratory-relief claims, one claim for "Statutorily Defective Foreclosure," and one claim for "Violations of the Federal False Claims Act."[1] Defendants Bank of New York and National Default Servicing Corporation[2] moved to dismiss all of Martinez's claims under FRCP 12(b)(6).[3] Defendants also requested that Martinez's motion for leave to amend[4] be denied and that her second amended complaint,[5] which was not preceded by a motion for leave to amend, be stricken.[6]

I granted defendants' motion to dismiss, denied Martinez's request for leave to amend, and struck her improperly filed complaint.[7] I found that "neither Martinez's original complaint nor her

---

[1] ECF 1 at 25–34.

[2] Plaintiff also initially named the IRS as a defendant, but she later voluntarily dismissed all claims against it. ECF 39, ECF 40 at 2.

[3] ECF 4, 24, 29, 33.

[4] ECF 40.

[5] ECF 52.

[6] ECF 44, 50, 53, 54.

[7] ECF 55.

two follow-up efforts contain[ed] 'sufficient factual matter . . . . to state a claim that is plausible on its face.'"[8] The bank now moves for attorney's fees and costs under NRS 18.010(2).[9] It argues that it is entitled to fees because Martinez's complaint, each amended complaint, and all other filings by Martinez lacked reasonable grounds. The bank attaches a detailed billing summary, claiming $11,417.00 in itemized attorney's fees.[10] Responses were due by April 17, 2015. Martinez filed no response.

Local Rule 7-2(d) provides, "The failure of an opposing party to file points and authorities in response to any Motion shall constitute a consent to the granting of the motion." Though Martinez is pro se, she has vigorously litigated this case and has opposed each of defendants' motions. And after the bank filed its motion for fees, Martinez filed a motion for reconsideration of my order dismissing her claims[11] and a notice of appeal.[12] Yet, she chose to leave unopposed the bank's request for fees. Martinez was also expressly warned that failure to file points and authorities in response to any motion could result in the granting of the motion, including dismissal of her claims.[13] I deem Martinez's failure to file a response to the bank's motion for fees a consent to the granting of the motion. Nonetheless, I consider whether the bank has shown that it is entitled to fees.

First, the bank has identified a proper statutory basis for an award of fees. Under NRS 18.010(2)(a), a court may award attorney's fees to a prevailing party who has not recovered more than $20,000. Subsection (b) of that same statute allows a court to award attorney's fees without regard to the recovery sought when it finds that a "claim. . . was brought or maintained without

---

[8] ECF 55 at 1–2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[9] ECF 57.

[10] ECF 57-2.

[11] ECF 58.

[12] ECF 59.

[13] ECF 5 at 2.

reasonable ground or to harass the prevailing party."[14] A groundless claim is one that is either "not well grounded in fact and warranted by existing law, or which the plaintiff brings without a good faith argument for the extension, modification, or reversal of existing law."[15] Subsection b is to be liberally construed "in favor of awarding attorney's fees in all appropriate situations."[16]

The bank argues that it is entitled to fees under both NRS 18.010(a) and (b). The bank cannot recover fees under section (a), however, because it did not recover a money judgment, which is a prerequisite to an award of fees under that section.[17] But the bank has shown that it is entitled to fees under subsection (b) because Martinez's claims are "not well grounded in fact and warranted by existing law." For example, Martinez alleged that defendants created and recorded a fraudulent "Assignment of Mortgage" at the Clark County Recorder's Office. But the records from the Clark County Recorders Office tell a different story: they show that Martinez's deed of trust was, in fact, properly assigned to the bank.[18]

I also find that the fees requested by the bank are reasonable. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate."[19] The bank submits an attorney declaration and a detailed summary of work performed on this case. The 12-page summary shows 31.1 attorney hours billed at $210/hour and 44.8 paralegal hours billed at $95/hour. Counsel for the bank represents in his declaration that these fees were actually and necessarily incurred.[20] He also submits that these fees are reasonable; he has been licensed to practice law since 1998 and is licensed to practice in

---

[14] Nev. Rev. Stat. §18.010(2)(a)–(b).

[15] *Simonian v. Univ. & Cmty. Coll. Sys.*, 128 P.3d 1057, 1063–65 (Nev. 2006).

[16] NEV. REV. STAT. §18.010(2)(b).

[17] *Key Bank v. Donnels*, 787 P.2d 382, 385 (Nev. 1990); *Valley Electric Ass'n v. Overfield*, 106 P.3d 1198 (Nev. 2005).

[18] See ECF 55 at 3 (chronicling the defendants' lawful transfer of Martinez's mortgage).

[19] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

[20] 57-1 at ¶ 5.

California, Hawaii, Oregon, and Nevada.[21]  He is also the managing attorney for RCO Legal, P.S.'s Nevada office.[22]  Applying the lodestar formula, the bank is entitled to the full $11,417.00 in attorney's fees it requests.

## Conclusion

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that The Bank of New York's Motion for Attorney's Fees and Costs **[ECF 57]** is **GRANTED.**  Judgment is entered in favor of the Bank of New York and against Mary Martinez in the amount of $11,417.00.

Dated this 9th day of November, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[21] *Id.* at ¶ 6.

[22] *Id.*